IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

ANTONIO VEGUILLA HERNANDEZ
MADELINE CRUZ FLORES

DEBTORS

CASE NO. 15-05765 ESL

CHAPTER 13

**DEBTORS' MOTION REQUESTING *ORDER DISMISSING CASE*
BE SET ASIDE/RECONSIDERATION DOCKET NO. 32**

TO THE HONORABLE COURT:

**COME NOW, ANTONIO VEGUILLA HERNANDEZ and MADELINE CRUZ FLORES,** debtors in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. On March 29, 2016, this Honorable Court issued an *Order Dismissing Case*, docket no. 32, whereby the above captioned case was dismissed on a " . . . motion to dismiss filed by the chapter 13 trustee (docket #31) having been duly notified to all parties in interest, and no replies having been filed, . . . ". *Order Dismissing Case,* dated March 29, 2016, docket no. 32.

2. The aforestated *Trustee's Motion to Modify or Dismiss* alleged the following:

   "1. This Honorable Court confirmed Debtor(s) plan, dated September 24, 2015.

   2. The Trustee respectfully requests the plan be amended based on the following: The confirmed plan has no provision for the Notice of Post Petition Mortgage fees, expenses and charges filed by BANCO POPULAR DE PUERTO RICO on 10/26/2015. 11 U.S.C. 1325(a)(5).

   3. The deficiencies raised above constitute cause for dismissal of the case under 11 U.S.C. 1307(c)(1), unreasonable delay prejudicial to creditors, if the debtor(s) does(do) not modify the plan." *Trustee's Motion to Modify or Dismiss*, docket entry #31.

Page – 2 –
Debtors' motion for reconsideration
Case no. 15-05765 ESL13

3. That the trustee's motion to modify or dismiss was notified to the undersigned attorney via the CM/ECF system and that due to an oversight/clerical error the debtors did not file, through their undersigned attorney, a timely reply to said motion to modify or dismiss.

4. The debtors respectfully state that the facts and legal contentions on which the aforementioned Trustee's motion to modify or dismiss is predicated, do not warrant a dismissal of the above captioned case.

5. The debtors respectfully state the following undisputed facts:

    a. on July 29, 2015, the debtors filed the above captioned Chapter 13 case;

    b. on September 09, 2015, Banco Popular de Puerto Rico ("BPPR") filed POC #6-1 which reflects that debtors did not owe pre-petition arrears, late charges, attorneys fees, or other expenses;

    c. POC #6-1 also reflects that debtors' account with BPPR has a $-30.24 "credit" in favor of debtors;

    d. on October 21, 2015, the debtors' proposed Plan dated 09/24/2015 was confirmed, docket entry #26;

    e. the debtors' confirmed Plan provides for regular post-petition payments to BPPR to be paid directly by the debtors, the same does not provide for pre-petition arrears to BPPR since BPPR's POC #6-1 did not reflect any sum owed for pre-petition arrears;

    e. on October 26, 2015, BPPR filed a *Notice of Postpetition Mortgage Fees, Expenses, and Charges*, which itemized the fees, expenses and other

Page –3 –
Debtors' motion for reconsideration
Case no. 15-05765 ESL13

charges incurred on the debtors' mortgage account after the debtors' bankruptcy petition was filed; and

f. on February 24, 2016, the trustee filed the aforementioned motion to modify or dismiss, docket entry #31.

6. The debtors respectfully state that BPPR's *Notice of Postpetition Mortgage Fees, Expenses, and Charges*, is a post-petition claim secured by debtors' principal residence and which is not entitled to payment through the debtors' confirmed Plan. The legal basis for this contention is that the same is not a "proof of claim" which constitutes prima facie evidence of the validity and amount of the claim. Rules 3002.1(c), (d) and 3001(f), of the Federal Rules of Bankruptcy Procedure.

7. Thus, the debtors' failure to pay the same during the life of the Plan is irrelevant to and/or does not constitute "cause" for dismissal.

8. In his motion to modify or dismiss the trustee alleges that debtors' failure to provide for BPPR's post-petition fees, expenses and charges violates Section 1325(a)(5) of the Bankruptcy Code, 11 U.S.C. Section 1325(a)(5).

9. In the present case, the debtors' confirmed Plan was accepted by BPPR (no objection was filed by BPPR), the confirmed Plan provides for lien retention, and the confirmed Plan provides for payment of the full value of BPPR's claim, that is $0.00 for pre-petition arrears and the debtors to maintain current direct post-petition payments to BPPR. 11 U.S.C. Section 1325(a)(5).

10. The debtors respectfully understand that the debtors' failure to modify their confirmed Plan to pay this post-petition claim for fees and expenses through the Plan is not

Page – 4 –
Debtors' motion for reconsideration
Case no. 15-05765 ESL13

"cause" for a dismissal of the debtors' Chapter 13 case under 11 U.S.C. Section 1307(c)(1), which is "unreasonable delay that is prejudicial to creditors".

11. The debtors are up-to-date in their Plan payments to the Trustee having made eight (8) payments of $300.00 (8/8), for a total paid-in of $2,400.00.

12. Therefore, the debtors respectfully understand that it would be in the best interests of all parties to this case, that this Honorable Court set aside the dismissal Order and allow the debtors to complete their Plan payments to the Trustee, in the present case.

13. Should this Honorable Court grant the re-opening of the present case, the debtors intend to object to BPPR's *Notice of Postpetition Mortgage Fees, Expenses, and Charges,* FRBP Rule 3002.1(e), and/or file a modified Plan to include payment of said post-petition claim through the Plan.

14. This motion requesting that the *Order Dismissing Case* be set aside/reconsideration is grounded on Rule 9024 of the Federal Rules of Bankruptcy Procedure, which applies Rule 60 of the Federal Rules of Civil Procedure.

15. Under Rule 60 (b) (1) and (6), within a reasonable time, a debtor may request the Court to relieve him from a final order or judgment for the following reasons: mistake, inadvertence, surprise, or excusable neglect and/or for any other reason justifying relief from the operation of the judgment. Rule 60 (b) (1) and (6) of the Federal Rules of Civil Procedure.

Page – 5 –
Debtors' motion for reconsideration
Case no. 15-05765 ESL13

16. The debtors respectfully understand that the present case should not have been dismissed since the legal grounds alleged by the trustee in his motion to modify or dismiss do not warrant a dismissal in the above captioned case.

17. The debtors respectfully state that due to a clerical error or an involuntary oversight the debtors failed to timely reply to the Trustee's motion to modify or dismiss, within the required period of time granted by the Local Rules of the Court.

18. The debtors pray this Honorable Court to re-open the present case and set aside the *Order Dismissing Case*, dated March 29, 2016, docket no. 32, allowing the debtors to continue under the protection of the Bankruptcy Court.

**WHEREFORE**, debtors respectfully request this Honorable Court grant this motion and set aside/reconsider the March 29, *Order Dismissing Case* (docket no. 32) entered in the above captioned case.

**NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(c)(1) and (2)**

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

Page – 6 –
**Debtors' motion for reconsideration**
Case no. 15-05765 ESL13

**I CERTIFY** that on this same date a copy of this motion was filed with the Clerk of the Court using the CM/ECF filing system which will send notification of this motion to: Alejandro Oliveras, Esq., Chapter 13 Trustee; and that a copy of the same has been sent via Regular US Mail to: Juan C Fortuño Fas, Esq., *Fortuño & Rivera Font, LLC*, Counsel for BPPR, PO Box 9300 San Juan PR 00908; and to the debtors Antonio Veguilla Hernandez, HC 10 Box 49194 Caguas PR 00725, Madeline Cruz Flores, HC 11 Box 47604 Caguas PR 00725; and to all CM/ECF non-participants listed as creditors and parties in interest appearing in the Master Address List, hereby attached.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 31st day of March, 2016.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
RFIGUEROA CARRASQUILLO LAW OFFICE PSC
ATTORNEY FOR PETITIONERS
PO BOX 186 CAGUAS PR 00726-0186
TEL NO 787- 744-7699 FAX 787-746-5294
Email:rfigueroa@rfclawpr.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 15-05765-ESL13<br>District of Puerto Rico<br>Old San Juan<br>Thu Mar 31 16:36:20 AST 2016 | BANCO POPULAR PR<br>FORTUNO & RIVERA FONT LLC<br>PO BOX 13786<br>SAN JUAN, PR 00908-3786 | RELIABLE FINANCIAL SERVICES<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 |
| US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | AEELA<br>PO Box 364508<br>San Juan, PR 00936-4508 | BPPR<br>ATTY JUAN C FORTUNO<br>PO BOX 13786<br>SAN JUAN PR 00908-3786 |
| Banco Popular De Puerto Rico<br>Commercial Loan Dept<br>PO Box 363228<br>San Juan, PR 00936-3228 | Banco Popular De Puerto Rico<br>Mortgage Department<br>PO Box 363228<br>San Juan, PR 00936-3228 | Banco Popular de Puerto Rico<br>PO Box 362708<br>San Juan PR 00936-2708 |
| FIRST BANK<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION - (CODE 248)<br>PO BOX 9146, SAN JUAN , PR 00908-0146 | FIRSTBANK<br>PO BOX 11852<br>SAN JUAN PR 00910-3852 | First Bank De Puerto Rico<br>PO Box 9146<br>San Juan, PR 00908-0146 |
| First Bank Puerto Rico<br>Ponce De Leon Av Stop 23<br>San Juan, PR 00901 | JOSE CARLOS FLORES SANTIAGO<br>C/O LUIS E LAGUNA MIMOSO, ESQ.<br>PO BOX 1116<br>CAGUAS, PR 00726-1116 | Jose Carlos Flores Santiago<br>Mirna Beltran Feliciano<br>PO Box 476<br>Juncos, PR 00777-0476 |
| Midland Credit Management, Inc. as agent for<br>MIDLAND FUNDING LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | SISTEMA DE RETIRO PR<br>PO BOX 191879<br>SAN JUAN, PR 00919-1879 | Sears/cbna<br>Po Box 6189<br>Sioux Falls, SD 57117-6189 |
| Syncb/jcp Pr<br>Po Box 965007<br>Orlando, FL 32896-5007 | Syncb/sams<br>4125 Windward Plaza<br>Alpharetta, GA 30005-8738 | TRAVEL SMART VACATION CLUB SA<br>RESORT CONDOMINIUMS INTL<br>HORACIO NUM 1855 PH COL LOS MORALES POL<br>MEXICO DF CP MX 11510 |
| ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | ANTONIO VEGUILLA HERNANDEZ<br>HC 10 BOX 49194<br>CAGUAS, PR 00725-9662 | MADELINE CRUZ FLORES<br>HC 11 BOX 47604<br>CAGUAS, PR 00725-9003 |
| MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 | ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
(d)RELIABLE FINANCIAL SERVICES, INC.        End of Label Matrix
P.O. BOX 21382                              Mailable recipients    25
SAN JUAN, PR  00928-1382                    Bypassed recipients     0
                                            Total                  25
```